J-S39028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIE C. COOPER, | : | |
| | : | |
| Appellant | : | No. 2548 EDA 2019 |

Appeal from the PCRA Order Entered August 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0808401-2002

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 28, 2020**

Appellant, Willie C. Cooper, appeals *pro se* from the August 5, 2019 order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reveals that on October 1, 2003, a jury found Appellant guilty of first-degree murder, robbery, and burglary.[1]  At the conclusion of a penalty phase hearing on October 3, 2003, the jury returned a verdict sentencing Appellant to death after the jury found that he committed the murder during the perpetration of a felony with no mitigating circumstances.  On January 5, 2004, the trial court imposed a sentence of death. The trial court also imposed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 3701(a), and 3502(a), respectively.

a consecutive sentence of nine to twenty years' imprisonment for robbery and a consecutive sentence of five to twenty years' imprisonment for burglary.

On June 21, 2004, the trial court granted Appellant's post-sentence motion, in part, and vacated the sentence of death.[2] The trial court, in doing so, ordered a new penalty phase hearing. On July 1, 2004, Appellant filed a capital appeal with our Supreme Court pursuant to 42 Pa.C.S.A. § 9546(d), Pa.R.Crim.P. 910, and Pa.R.A.P. 341(b). On July 21, 2004, the Commonwealth filed a cross-appeal with our Supreme Court challenging the June 21, 2004 order vacating Appellant's sentence of death. On December 28, 2007, our Supreme Court affirmed the trial court's order that vacated Appellant's sentence of death and ordered a new penalty phase hearing. *Commonwealth v. Cooper*, 941 A.2d 655 (Pa. 2007).

On April 30, 2009, upon the conclusion of the penalty phase hearing in which the jury returned a verdict sentencing Appellant to life imprisonment, the trial court sentenced Appellant to life imprisonment for murder. Appellant did not file a subsequent appeal.

On July 2, 2009, Appellant filed *pro se* a PCRA petition raising, *inter alia*, claims of ineffective assistance of trial counsel, post-sentence and

---

[2] In a June 30, 2004 order, the trial court clarified its June 21, 2004 order, indicating that only the sentence of death was vacated and that the two consecutive sentences imposed for Appellant's robbery and burglary convictions remained in place.

direct-appeal counsel, and counsel for his second penalty phase hearing. PCRA counsel was appointed to represent Appellant, and on February 22, 2010, counsel filed a **Turner/Finley**[3] no-merit letter and a motion to withdraw. On March 26, 2010, the PCRA court notified Appellant of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. On April 23, 2010, the PCRA court dismissed Appellant's PCRA petition. Appellant did not file a notice of appeal.

On July 19, 2017, Appellant filed *pro se* the instant PCRA petition, his second, requesting the reinstatement of his appeal rights *nunc pro tunc* on the grounds, *inter alia*, his PCRA counsel abandoned him in his first PCRA petition. On March 13, 2019, the PCRA court notified Appellant, pursuant to Rule 907, of its intent to dismiss his PCRA petition on the basis it was untimely and Appellant failed to invoke an exception to the jurisdictional time-bar. Appellant did not file a response. The PCRA court subsequently dismissed Appellant's PCRA petition on August 5, 2019. This appeal followed.[4]

On appeal, Appellant raises twelve issues, including, *inter alia*, a claim of ineffective assistance of PCRA counsel based upon PCRA counsel's filing of a **Turner/Finley** no-merit letter and allegedly failing to notify Appellant that PCRA counsel did not perfect an appeal of the PCRA court's dismissal of

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court, however, filed a Rule 1925(a) opinion on October 13, 2019.

Appellant's first PCRA petition. Appellant's Brief at 1-2. We do not, however, set forth Appellant's issues, herein, because those issues are not dispositive of this appeal.

Our Supreme Court instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction over the petition. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005); ***see also Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (holding courts do not have jurisdiction over an untimely PCRA petition). In order to be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our Supreme Court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004).

Here, the trial court sentenced Appellant to life imprisonment on April 30, 2009. Appellant did not file an appeal with this Court. Therefore, Appellant's judgment of sentence became final on June 1, 2009, 30 days after

the expiration of the time for seeking an appeal with this Court.[5]  **See** Pa.R.A.P. 903(a) (requiring a notice of appeal to be filed within 30 days after the entry of the order from which the appeal is taken); **see also** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment becomes final at the conclusion of direct review or at the expiration of time for seeking the review).  Therefore, Appellant's instant PCRA petition filed on July 19, 2017, more than 8 years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1).  **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).  The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."  **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).  A petition invoking an exception to the jurisdictional time-bar must be filed within 60 days of the date that the claim could have been presented.[6]

---

[5] We note that the 30th day following April 30, 2009, was Saturday, May 30, 2009.  Consequently, Appellant's judgment of sentence became final on Monday, June 1, 2009.  **See** 1 Pa.C.S.A. § 1908 (stating that when the last day of any period of time referred to in a statute falls on a Saturday or Sunday, that day shall be omitted from the computation).

[6] We note that effective December 24, 2018, the period of time in which to file a petition invoking one of the three exceptions was extended from 60 days

42 Pa.C.S.A. § 9545(b)(2) (prior version). If the petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. *Spotz*, 171 A.3d at 676.

A review of Appellant's PCRA petition demonstrates that Appellant is attempting to assert the newly discovered facts exception to the jurisdictional time-bar. PCRA Petition, 7/19/17, at 1, 3. Our Supreme Court held that when considering a claim seeking to invoke the newly discovered facts exception, "the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party [] put forth reasonable effort to obtain the information upon which a claim is based." *Id*. at 230 (citation and original quotation marks omitted). The petitioner must offer "evidence that he exercised due diligence in obtaining facts upon which his claim was based." *Id.* at 227, *citing Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). "[T]he presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners." *Commonwealth v. Burton*,

---

to one year. 42 Pa.C.S.A. § 9545(b)(2) (current version). This amendment applies to claims arising one year prior to the effective date of the amendment, that is to say arising on December 24, 2017, or later. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his instant PCRA petition on July 19, 2017, this amendment does not apply.

158 A.3d 618, 638 (Pa. 2017) (emphasis omitted). Thus, "in determining whether a petitioner qualifies for the [newly discovered facts] exception to the PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether 'the facts upon which the claim is predicated were unknown to the petitioner.'" *Id.*

Here, Appellant argues that on May 8, 2017, he learned that there was no current appeal pending with this Court pertaining to his first PCRA petition. PCRA Petition, 7/19/17, at "Supplemental Page 3." Appellant asserts that he understood that the court-appointed counsel in his first PCRA petition filed a *Turner/Finley* no-merit letter and a motion to withdraw and that the PCRA court subsequently granted counsel permission to withdraw from representation of Appellant. *Id.* at 3. Appellant contends, however, that he was under the belief that his court-appointed counsel was securing another lawyer from her firm to file a notice of appeal on behalf of Appellant. *Id.* Appellant admits that he received a letter from his court-appointed counsel explaining that Appellant had 30 days in which to file a notice of appeal from the PCRA court's dismissal of his first PCRA petition. *Id.*

The PCRA court, in dismissing Appellant's instant PCRA petition, stated,

This second or subsequent petition was untimely filed and does not plead and prove any exception to the PCRA's time-bar. In an attempt to establish the newly-discovered fact exception, § 9545(b)(1)(ii), [Appellant] claimed that in 2017[,] he discovered that his PCRA counsel abandoned him by failing to appeal the PCRA court's 2010 order denying relief. [Appellant] acknowledged, however, that his attorney was permitted to withdraw after filing a *Turner/Finley* no-merit letter. [Appellant] also acknowledged that his attorney specifically advised him that

- 7 -

he had [30] days to appeal. Thus, [Appellant] failed to substantiate the purported newly-discovered fact that counsel abandoned him.[FN3]

> [FN3] Even if counsel was obligated to preserve [Appellant's] appeal, [Appellant] failed to demonstrate that the status of his appeal previously was unascertainable with the exercise of due diligence. Additionally, [Appellant] failed to file his instant petition within [60] days of discovering the purported abandonment. Specifically, [Appellant] averred that he discovered the fact that an appeal [was not] perfected on May 8, 2017. [Appellant] filed the instant PCRA petition on July 19, 2017, outside the [60]-day window[.]

PCRA Court Opinion, 10/23/19, at 1 (record citations and footnote 2 omitted (footnote 1 does not appear in the opinion)).

A review of the record demonstrates that Appellant admitted receipt of a letter from his court-appointed counsel informing him that he had 30 days to appeal the dismissal of his first PCRA petition.[7] Appellant further admitted he was aware that the PCRA court granted his court-appointed counsel permission to withdraw from representation.[8] Although Appellant claimed he believed his court-appointed counsel was arranging for another attorney from her firm to represent Appellant on his appeal, Appellant failed to plead or prove his PCRA counsel informed him as such.[9] Appellant simply did not file

---

[7] A copy of the correspondence from Appellant's court-appointed counsel is not part of the certified record.

[8] A copy of the PCRA court's order granting counsel's petition to withdraw is not part of the certified record.

[9] The letter of appointment appointing Appellant's PCRA counsel specifically stated that the appointment was "not transferable".

an appeal, *pro se* or otherwise, of the dismissal of his first PCRA petition. Appellant failed to demonstrate that the newly discovered facts, namely that Appellant's PCRA counsel no longer represented Appellant and that there was no pending appeal of the dismissal of his first PCRA petition, were not previously known by Appellant.[10]   Therefore, the PCRA court properly dismissed Appellant's PCRA petition as untimely and without exception.

Consequently, the PCRA court lacked jurisdiction to review Appellant's PCRA petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/20

---

[10] Moreover, Appellant failed to plead and prove that the newly discovered facts could not have been discovered through the exercise of due diligence. Much like Appellant was able to file the instant PCRA petition, Appellant could have exercised due diligence by contacting this Court in an attempt to ascertain the status of an appeal or by contacting his prior PCRA counsel.